E-FILED
Monday, 15 December, 2014  05:07:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHRISTINA LAMANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-01442-SLD-JEH |
| | ) |
| FBI, JEREMY H. LAMANO, SR., PEORIA COUNTY ASSOCIATE JUDGE MARK E. GILLES, THIRD APPELLATE DISTRICT OF ILLINOIS CHIEF JUDGE ROBERT CARTER, PEORIA COUNTY CHIEF JUDGE STEPHEN KOURI, ILLINOIS SUPREME COURT CHIEF JUSTICE RITA GARMAN, KATHERINE SMITH-THORNTON, PEORIA COUNTY ILLINOIS, ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES, STATE OF MISSOURI, STATE OF ILLINOIS, JACKSON COUNTY MISSOURI, JACKSON COUNTY MISSOURI CIRCUIT COURT, STATE OF IDAHO, STATE OF CALIFORNIA, CHIEF JUDGE FOR US DISTRICT COURT IN KANSAS CITY DAVID GREGORY HAYS, US BANKRUPTCY COURT CHIEF JUDGE ARTHUR FEDERMAN, US TRUSTEE FOR US BANKRUPTCY COURT NANCY GARGULA, UNITED STATES ATTORNEY TAMMY DICKINSON, UNITED STATES ATTORNEY JAMES LEWIS, UNITED STATES ATTORNEY GENERAL ERIC HOLDER, STATE OF OKLAHOMA, STATE OF KANSAS, GARY MORRIS. | ) |
| | ) |
| Defendants. | ) |

**ORDER**

1

Now before the Court are Plaintiff Christina Lamano's Motion to Proceed *In Forma Pauperis*, ECF No. 2, her Motion to Request Counsel, ECF No. 3, and her Motion to Amend List of Parties, ECF No. 4. For the following reasons, the Motion to Proceed *In Forma Pauperis* is DENIED, the Motion to Request Counsel is DENIED, and the Motion to Amend List of Parties is GRANTED.

I. **Motion to Proceed *In Forma Pauperis***

Lamano's Motion to Proceed *In Forma Pauperis* consists of a thoroughly completed copy of AO 240, the short-form version of the standard application to proceed *in forma pauperis*. However, Plaintiff responds to questions 2, 5, 6, 7, and 8 with dozens of lines of closely-typed text, not all of which are to the point. For this very reason, federal courts in the Central District of Illinois prefer the use of AO 239, the long-form version of the *in forma pauperis* application. Because the Court is not able to determine Plaintiff's eligibility to proceed *in forma pauperis* without the more detailed information required by the long form, Plaintiff's motion is denied, with leave to refile using AO 239.

II. **Motion to Appoint Counsel**

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, "parties to civil litigation have no right to counsel." *Thornhill v. Cox*, 113 Fed. Appx. 179, 181 (7th Cir. 2004). When faced with a request to appoint counsel, the Court must determine: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)). As to the second element, "the question is whether the difficulty of the case—factually and legally—

exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id*. at 655. Litigating a case includes "evidence gathering, preparing and responding to motions and other court filings, and trial." *Id*. The court will also consider "the plaintiff's literacy, communication skills, educational level, and litigation experience . . . intellectual capacity and psychological history" to determine his ability to present his case. *Id*.

Lamano has not told the Court whether she has attempted to obtain counsel or if there is any reason she cannot do so. Despite Lamano's statement in Paragraph 2 of her Motion that she is attaching a list of counsel she has contacted in an attempt to find representation, no names of attorneys contacted is appended to her motion. Lamano has also not told the Court why she would be unable to litigate this case herself. Therefore, Lamano's Motion to Appoint Counsel is denied without prejudice. If Lamano still wants the Court to appoint counsel for her, she must file a supplemental motion by December 29, 2014, that explains:

(1) What efforts Lamano has made to obtain counsel, or if there is any reason why she cannot obtain representation; and

(2) Whether there is any reason that Lamano could not litigate the case herself.

### III. Motion to Amend List of Parties

A party may amend its pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1); *see Sudduth v. Donnelly*, 367 F. App'x 703, 706 (7th Cir. 2010). Plaintiff moved to amend her Complaint by adding a defendant, Gary Morris. Plaintiff's Motion to Amend was filed 8 days after her Complaint, ECF No. 1. Because Plaintiff is entitled to amend her complaint, her motion is granted. Plaintiff is directed to file the revised Complaint listing all of the current parties to the suit, including Morris.

**CONCLUSION**

Plaintiff's Motion to Proceed *In Forma Pauperis*, ECF No. 2, and her Motion to Request Counsel, ECF No. 3, are DENIED. Her Motion to Amend, ECF No. 4, is GRANTED. Plaintiff is directed to file a revised Complaint listing all defendants by December 22, 2014. The Clerk is directed to mail Plaintiff a copy of AO 239. If Plaintiff wishes to proceed *in forma pauperis* or seek the appointment of counsel, she must file these motions by December 29, 2014.

Entered this 15th day of December, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
